**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    14-50242 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-00841-BEN-1 |
| v. | |
| JOSE MORENO NEVAREZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted August 1, 2016
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges, and WHYTE,[**] District Judge.

Jose Moreno Nevarez ("Moreno") appeals his convictions and concurrent

sentences for the importations of cocaine and methamphetamine.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

jurisdiction under 28 U.S.C. § 1291.  We reverse and remand for further proceedings.

**1.**     The district court erred by admitting statements made by Moreno's daughter, Cynthia, in a recorded jail call.  Under Federal Rule of Evidence 801(d)(2)(B), a statement is not hearsay if it is offered against an opposing party and it "is one the party manifested that it adopted or believed to be true."  Fed. R. Evid. 801(d)(2)(B).  Before admitting a third party's statement as an adoptive admission, however, a district court "must first find that sufficient foundational facts have been introduced for the jury reasonably to conclude that the defendant did actually hear, understand and accede to the statement."  *United States v. Monks,* 774 F.2d 945, 950 (9th Cir.1985).  Here, there was no district court finding to that effect.  At trial, the district court simply stated, "It will be admitted over objection."  During the pretrial hearing, the district court did not address Moreno's hearsay argument at all.  Thus, the district court committed legal error by admitting Cynthia's statement as an adoptive admission without making a threshold finding that the government had presented an adequate factual basis for a jury to reasonably conclude that Moreno had "manifested an adoption" of Cynthia's statement.  *United States v. Orellana-Blanco*, 294 F.3d 1143, 1148 (9th Cir. 2002) (citation omitted).

**2.** Regardless of the lack of the requisite finding, it was an abuse of discretion to admit Cynthia's statement as an adoptive admission under Rule 801(d)(2)(B). Moreno responded to his daughter's statement that he "had it like that, fixed up/modified for drugs" with just one word: "Cynthia," which he said in a "sharp tone." Moreno's terse response was insufficient to allow the jury to reasonably conclude that he had adopted Cynthia's statement as his own. Moreno did not affirmatively agree with anything Cynthia had said. Moreover, rather than suggesting agreement with Cynthia's statement, Moreno's response could have just as readily indicated that Cynthia should not discuss his case in a phone call they both knew was being recorded. In the absence of an adequate factual basis for a jury to reasonably conclude that Moreno adopted Cynthia's statement as his own, the district court's decision to admit her statement was an abuse of discretion.

**3.** The district court's error in admitting Cynthia's statement was not harmless. The government highlighted Cynthia's statement as critical evidence of the most disputed element of the charged crime: Moreno's knowledge. During closing argument, for example, the government replayed the call, discussed it at length, and told the jury that the call "makes clear that . . . the defendant knew that it was in the car." Other than Cynthia's statement, the government's evidence of Moreno's knowledge was far from overwhelming. Moreover, the government

prejudicially characterized the statement as Moreno's "confession of guilt." *See*

*Arizona v. Fulimante*, 499 U.S. 279, 296 (1991) (explaining that a confession is

"like no other evidence").  Finally, during its deliberations, the jury twice asked to

have the recording replayed.  The district court's erroneous admission of Cynthia's

statement was not harmless, and we must reverse.  *See United States v. Macias*,

789 F.3d 1011, 1022 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 1168 (2016).[1]

      **REVERSED AND REMANDED.**

---

[1] Because we conclude that the district court erred in admitting Cynthia's statement on hearsay grounds, we need not address Moreno's alternative arguments that the district court's admission of this statement violated *Doyle v. Ohio*, 426 U.S. 610 (1976) or that the government unlawfully used an administrative subpoena to obtain recordings of Moreno's telephone conversations from a detention facility.